**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADONAI EL-SHADDAI,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>L. D. ZAMORA, Chief CCHCS in individual and official capacity; et al.,<br><br>              Defendants-Appellees. | No. 19-55639<br><br>D.C. No. 2:13-cv-02327-RGK-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

California state prisoner Adonai El-Shaddai appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal for failure to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

state a claim under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed El-Shaddai's action because El-Shaddai failed to allege facts sufficient to state a plausible federal claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of an equal protection "class of one" claim); *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) ("[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion"; in the prison context, "[t]he challenged conduct is valid if it is reasonably related to legitimate penological interests" (citation and internal quotation marks omitted)); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We reject as unsupported by the record El-Shaddai's contention that the district court abused its discretion by denying his application for costs related to his prior appeal.

19-55639

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

El-Shaddai's motion for appointment of counsel is denied.

**AFFIRMED.**